IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOSEPH D. FARRELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:11CV267-HEH |
| ) | |
| L.T. LESTER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2254 Petition)

Joseph D. Farrell brings this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the City of Portsmouth ("Circuit Court"). Respondent has moved to dismiss on the grounds that, *inter alia*, the petition is barred by the relevant statute of limitations. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

Farrell pled guilty to possession of cocaine with intent to distribute. The Circuit Court sentenced Farrell to a ten-year active term of imprisonment. Farrell appealed. On July 11, 2008, the Supreme Court of Virginia refused Farrell's petition for appeal. *Farrell v. Commonwealth*, No. 080297 (Va. July 11, 2008).

On January 14, 2009, Farrell filed a petition for a writ of habeas corpus with the Circuit Court of the City of Portsmouth. (Resp't's Notice of Filing (Docket No. 11) Ex. 2.) On August 11, 2009, the Circuit Court denied the petition. *Farrell v. Dir., Dep't Corr.*, No. L09-96, at 9 (Va. Cir. Ct. Aug. 11, 2009). Farrell appealed. On April 22,

2010, the Supreme Court of Virginia refused Farrell's petition for appeal from the denial of his state habeas petition. *Farrell v. Dir., Dep't Corr.*, No. 092308 (Va. Apr. 22, 2010). The Supreme Court of Virginia found:

> [T]he appeal was not perfected in the manner provided by law, as the assignments of error do not address the circuit court's ruling [on Farrell's state habeas petition]. Thus, the petition for appeal fails to comply with the requirements of Rule 5:17(c) because it does not list the specific error(s) in the lower court proceedings upon which the petitioner intends to rely.

*Id.*[1]

On April 15, 2011, Farrell mailed the present § 2254 Petition to the United States District Court for the Western District of Virginia. (§ 2254 Pet. 15). The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding notice of appeal is deemed filed as of the date inmate placed it in the prison mail system). By Order entered on April 25, 2011, the United States District Court for the Western District of Virginia transferred the § 2254 Petition to this Court.

---

[1] That rule provided, in pertinent part:

**(c) What the Petition Must Contain.** A petition for appeal must contain the following:

(1) *Assignments of Error.* Under a heading entitled "Assignments of Error," the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely. An exact reference to the page(s) of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court or other tribunal from which the appeal is taken shall be included with each assignment of error.

Va. Sup. Ct. R. 5:17(c) (West 2010).

In his § 2254 Petition, Farrell contends that he is entitled to relief because he was denied the effective assistance of counsel:

Claim 1    Counsel failed to conduct an adequate investigation

Claim 2    Counsel failed to file a motion to suppress.

Claim 3    Counsel failed to file an appeal.

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The statute provides in pertinent part:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. ANALYSIS

Farrell's conviction became final, as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on Thursday, October 9, 2008, the last date to pursue a petition for a writ of certiorari to the Supreme Court of the United States. Sup. Ct. R. 13.1; *see also Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076 (2003) (citing cases). The limitation period began to run on the next day, and 96 days of the limitation period elapsed before Farrell filed his state petition for a writ of habeas corpus on January 14, 2009.

Under 28 U.S.C. § 2244(d)(2), the limitation was tolled from January 14, 2009 until August 11, 2009, when the Circuit Court dismissed Farrell's state petition for a writ of habeas corpus. Nevertheless, the time that Farrell's habeas appeal was pending before the Supreme Court of Virginia does not toll the limitation period because his petition for appeal was not "properly filed" as required to invoke § 2244(d)(2) tolling. "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000) (emphasis in original). These rules and laws "usually prescribe, for example, *the form of the document*, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted; emphasis

4

added) (citing cases). Virginia Supreme Court Rule 5:17(c) dictates the form for a petition for appeal. A petition for appeal that does not contain the appropriate assignments of errors required by Rule 5:17(c) "does not meet the required form of the petition for appeal," and thus does not qualify for statutory tolling. *Christian v. Baskerville*, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001), *aff'd*, 47 Fed. App'x 200 (4th Cir. 2001); *accord Miles v. Johnson*, No. 3:10cv254, 2010 WL 4791820, at *2 (E.D. Va. Nov. 18, 2010).

After the Circuit Court dismissed his state habeas petition, the limitation period ran for another 611 days from August 12, 2009 until April 15, 2011, when Farrell filed his § 2254 Petition. Because the limitation period ran for a total of 707 days before Farrell filed his § 2254 Petition, the statute of limitations bars the § 2254 Petition unless Farrell demonstrates that he is entitled to a belated commencement of the limitation period under 28 U.S.C. §§ 2244(d)(1)(B)–(D) or equitable tolling. Neither Farrell nor the record suggest any plausible basis for equitable tolling or a belated commencement of the limitation period.[2] (2254 Pet. ¶ 18.) Accordingly, the Motion to Dismiss (Dk. No. 6) will be granted. The § 2254 Petition will be DENIED. The action will be dismissed.

---

[2] In Claim 3, Farrell asserts, "Counsel's refusal to file an appeal, shows both attorney's performance to be deficient and that the petitioner was prejudiced as a result." (§ 2254 Pet. 6.) If a petitioner is affirmatively misled concerning whether an appeal has been filed, he or she may be entitled to a belated commencement. *See, e.g., El-Abdu'llah v. Dir., Va. Dep't of Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2–3 (E.D. Va. June 4, 2008). Neither Farrell nor the record indicates that is what occurred here. Rather, the record reflects that counsel filed a direct appeal. In light of these circumstances, Farrell fails to demonstrates that he is entitled to a belated commencement of the limitation period.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Farrell is entitled to further consideration in this matter. The Court will deny Farrell a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

                                        /s/
                          HENRY E. HUDSON
                          UNITED STATES DISTRICT JUDGE

Date: Dec. 29, 2011
Richmond, Virginia